**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| MARTHA VILLAREAL | CIVIL ACTION NO. 18-0836 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STARBUCKS CORPORATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Starbucks Corporation's ("Defendant") "Motion *in Limine* and Motion for Summary Judgment." Record Document 17. Plaintiff Martha Villareal ("Plaintiff") opposes the motion. See Record Document 19. Defendant seeks dismissal of all of Plaintiff's claims. For the reasons set forth below, Defendant's Motion *in Limine* is **DENIED IN PART AND DEFERRED IN PART** and Motion for Summary Judgment is **DENIED**.

**I.    BACKGROUND**

Plaintiff brings this action seeking damages for injuries she allegedly sustained as a result of a slip and fall incident at Defendant's Starbucks location on Beene Boulevard in Bossier City, Louisiana. See id. at 1; see Record Document 28 at 2. Plaintiff claims that she slipped on Defendant's wet floor and struck her head on a display before falling to the ground. See Record Document 19 at 1; Record Document 17-2 at 4. She also alleges that Defendant's employees, in violation of its procedures and policies, mopped said floor two hours before closing and failed to have the appropriate wet floor signs in place. See Record Document 19 at 1.

After the alleged incident, Plaintiff was taken to the emergency room and diagnosed with a concussion. See id.; see Record Document 17-9 at 2. Thereafter,

Plaintiff underwent treatment from Dr. John Reeves, a neurosurgeon, and Dr. Jane Savells, a chiropractor, among others. See Record Document 28 at 2. Plaintiff alleges that she sustained several injuries as a result of the incident, including neck and back injuries, a concussion and post-concussion syndrome, headaches, and depression, and further maintains that such harm entitles her to damages and past and future medical expenses. See Record Document 1 at 3.

On June 6, 2018, Plaintiff filed a complaint in this Court. See id. Thereafter, Defendant filed the instant "Motion *in Limine* and Motion for Summary Judgment" asserting various arguments regarding Plaintiff's alleged lack of evidence and inability to prove her injuries, all of which, according to Defendant, entitle it to a judgment in its favor dismissing Plaintiff's claims. See Record Document 17 at 1–2.

## II. LAW AND ANALYSIS

### A. Defendant's Motion *in Limine*

The Court first addresses Defendant's Motion *in Limine* in which it asserts, *inter alia*, that Plaintiff's treating physicians should be precluded from "opin[ing] as to causation due to [Plaintiff's] failure to comply with the expert disclosure requirements" and thus should be confined to testifying only as fact witnesses regarding their treatment of Plaintiff. Record Document 17-1 at 5. Plaintiff responds that no expert reports or disclosures were required because it intends for the physicians to testify only as to matters learned through their actual treatment of Plaintiff. See Record Document 19 at 2.

In contrast to "retained" expert witnesses under Federal Rule of Civil Procedure 26(a)(2)(B), courts generally do not require expert reports for a party's treating physicians. See, e.g., Butler v. Louisiana, No. 12-0420, 2014 WL 7186120, at *2 (M.D. La. Dec. 16,

2014) (citing cases); see also Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note (1993) (stating that treating medical professionals may be "called to testify at trial without any requirement for a written report"). Furthermore, courts within this Circuit have permitted treating physicians to testify regarding issues such as causation if such matters were learned through their treatment of the party. See Dauterive v. Guilbeau Marine Logistics LLC, No. 15-2182, 2018 WL 3414595, at *3 (W.D. La. July 12, 2018); Knorr v. Dillard's Store Servs. Inc., No. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005) ("A treating physician may testify to his opinions about a plaintiff's injuries if his testimony is based on knowledge acquired during the course of his treatment of the plaintiff.").

In this case, the Court finds that Plaintiff did not fail to comply with expert disclosure requirements regarding her treating physicians as she was only required to disclose their medical reports and bills, which Defendant does not dispute occurred here. See Record Document 19 at 2; see Record Document 17-1 at 8. Further, while the Court is unclear as to Plaintiff's intentions regarding the full extent of her treating physicians' testimony at trial, the Court will allow such testimony as long as it relates to matters that were learned through their treatment of Plaintiff, including the issue of causation. Accordingly, insofar as Defendant objects to the testimony of Plaintiff's treating physicians based on Plaintiff's alleged violation of the expert disclosure requirements, Defendant's Motion *in Limine* is **DENIED**.

In addition, the parties briefly make arguments as to whether Plaintiff's treating physicians from the Veterans Affairs Medical Center (the "VA") should be permitted to testify at trial. See Record Document 17-1 at 8; Record Document 19 at 3–4. Defendant maintains that upon requesting the depositions of several VA physicians, it was allegedly

informed by a VA official that "any attempt to subpoena any V.A. medical provider would be quashed." Record Document 17-1 at 8. However, because this issue has only been presented to the Court via the parties' briefing as opposed to the appropriate discovery motion, Defendant's Motion *in Limine* is **DEFERRED** to the extent it concerns this issue.

### B. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010).[1] A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Geoscan, Inc. of Texas v. Geotrace Techs., Inc., 226 F.3d 387, 390 (5th Cir. 2000). During this stage, courts must look to the substantive law underlying the lawsuit in order to identify which facts are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof [at trial]." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there

---

[1] The Court notes that amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) advisory committee's note (2010) (emphasis added).

is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

In reviewing a motion for summary judgment, the court is to view "the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party." Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp., Inc., 292 F.3d 471, 478 (5th Cir. 2002); Harris v. Serpas, 745 F.3d 767, 771 (5th Cir. 2014). The court should not, however, in the absence of any proof, presume that the nonmoving party could or would prove the necessary facts. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

### C. Defendant's Motion for Summary Judgment

Regarding the second aspect of Defendant's motion in which it moves for summary judgment as to Plaintiff's claims, its primary argument is that because Plaintiff's treating physicians are precluded from testifying as to causation regarding Plaintiff's injuries (as stated above), Plaintiff lacks the requisite expert medical testimony to establish causation for her claims at trial. See Record Document 17 at 1. Therefore, according to Defendant, Plaintiff cannot meet her burden in proving an essential element of her claims and, as a result, Defendant is entitled to summary judgment in its favor. See id.

In support of its argument, Defendant points the Court to the generally accepted rule that expert medical testimony is required to establish causation in tort cases involving

complex issues of medical causation not within the common knowledge of the ordinary juror. See, e.g., Hebert v. Miles Pharmaceuticals, No. 92-4290, 1994 WL 10184, at *3 (E.D. La. Jan. 13, 1994). However, notwithstanding Defendant's conclusory assertion that such is the case here, see Record Document 17-1 at 10, the Court finds that while expert medical testimony may assist the trier of fact in determining causation, such testimony is not required in this case. The conclusion as to whether it is more probable than not that Plaintiff's alleged injuries were caused by her slip and fall is sufficiently within the realm of common knowledge and, therefore, may be proved by direct or circumstantial evidence. See Lasha v. Olin Corp., 625 So. 2d 1002, 1005 (La. 1993) ("While expert medical evidence is sometimes essential, it is self-evident that, as a general rule, whether the defendant's fault[] was a cause in fact of a plaintiff's personal injury or damage may be proved by other direct or circumstantial evidence."). Accordingly, Defendant's Motion for Summary Judgment is **DENIED**.

### III.  CONCLUSION

Based on the foregoing reasons, Defendant's Motion *in Limine* (Record Document 17) is **DENIED IN PART AND DEFERRED IN PART** and Motion for Summary Judgment (Record Document 17) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of July, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT